UNITED STATES of America,
Plaintiff,

v.

An ARTICLE OF DRUG * * *
(BIFLAV–C–2) * * *, etc.,
Defendant,
and

Lanpar Company, Claimant.

No. 67–1858.

United States District Court
C. D. California.

June 11, 1968.

Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Chief, Civil Div., Larry L. Dier, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Styskal, Wiese & Colman, Alvin O. Wiese, Jr., North Hollywood, Cal., for claimant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WILLIAM P. GRAY, District Judge.

### FINDINGS OF FACT

(1) The articles under seizure are drugs which were manufactured by Lanpar Company in Dallas, Texas, and shipped to Glendale, California, where they were seized by the United States Marshal for this District in the possession of Lanpar Company at 1739 Victory Boulevard, Glendale.

(2) One of the drugs is identified as BIFLAV–C–2. The other drug is identified as BIFLAV–C.

(3) Each of the drugs is packaged in a cylindrical tube. Each tube contains 36 plastic packets. Each plastic packet is heat-sealed and contains 28 tablets.

(4) The plastic packets in the tubes containing BIFLAV–C–2 bear the fol-

lowing letters and numbers and no other written, printed, or graphic matter:

"BVC–2

7555"

(5) The plastic packets in the tubes containing BIFLAV–C bear the following letters and numbers and no other written, printed, or graphic matter:

"BVC

8494"

(6) The outside of each tube of BIFLAV–C–2 bears a label with the following statements:

Lanpar

BIFLAV–C–2

1008

BVC—2, S. C. Green

Each Tablet Contains:

Lemon Bioflavonoid Complex . . . 200 mg.

Vitamin C (Ascorbic Acid), U.S.P. 200 mg.

INDICATIONS: Poor tissue tone as in weight loss, purpura, arthritis, spontaneous abortion, and other conditions in which capillary integrity may be impaired.

IMPORTANT: Keep air and light from these tablets as much as possible.

DOSAGE: 1 tablet after each meal, or as directed by physician.

CONTROL 0477555

LANPAR COMPANY • PHARMACEUTICAL MANUFACTURERS 2727 W. MOCKINGBIRD LANE • DALLAS 35, TEXAS

(7) The outside of each tube of BIFLAV–C bears a label with the following statements:

Lanpar

BIFLAV–C

1008

BVC, S.C. Orange

Each Tablet Contains:

Lemon Bioflavonoid Complex . 100 mg.

Vitamin C (Ascorbic Acid), U.S.P. 100 mg.

INDICATIONS: Poor tissue tone as in weight loss, purpura, arthritis, spontaneous abortion, and other conditions in whch [sic] capillary integrity may be impaired.

IMPORTANT: Keep air and light from these tabets [sic] as much as possible.

DOSAGE: 1 to 3 tablets after each meal, or as directed by physician.

CONTROL 0968494

LANPAR COMPANY • PHARMACEUTICAL MANUFACTURERS 2727 W. MOCKINGBIRD LANE • DALLAS 35, TEXAS

(8) Both of these drugs were packaged and labeled as aforesaid by Lanpar Company in Dallas, Texas, before they were shipped to Glendale, California.

(9) Each of the drugs is fabricated from at least two ingredients, lemon bioflavonoid and ascorbic acid. Ascorbic acid is an active ingredient.

(10) Ascorbic acid, also known as Vitamin C, is recognized by the name "ascorbic acid" in the United States Pharmacopeia, Seventeenth Revision (1965).

## CONCLUSIONS OF LAW

(1) The drugs under seizure, BIFLAV–C–2 and BIFLAV–C, were shipped in interstate commerce from Dallas, Texas, to Glendale, California.

(2) This Court has jurisdiction over the subject matter and the parties pursuant to 21 U.S.C. § 334(a) (1).

(3) A drug is misbranded within the meaning of 21 U.S.C. § 352(b) "if in package form unless it bears, a label containing (1) the name and place of business of the manufacturer, packer, or distributor; and (2) an accurate statement of the quantity of contents in terms of weight, measure, or numerical count."

(4) The term "label" as defined in 21 U.S.C. § 321(k) means "a display of written, printed, or graphic matter upon the immediate container of any article."

(5) The drugs under seizure are "in package form."

(6) The "immediate containers" of the drugs are the plastic packets each of which contain 28 tablets.

■ (7) The drugs were misbranded within the meaning of 21 U.S.C. § 352(b) (1) and (2), when introduced into and while in interstate commerce, because the plastic packets, containing 28 tablets each, did not bear a label containing the information required by that section.

(8) A drug is also misbranded within the meaning of 21 U.S.C. § 352(e) (1) (A) (ii) unless "its label bears * * *, in case it is fabricated from two or more ingredients, the established name * * of each active ingredient * * *."

(9) The United States Pharmacopeia, which recognizes "ascorbic acid", is an official compendium within the meaning of 21 U.S.C. § 321(j).

(10) "Ascorbic acid" is an "established name" within the meaning of 21 U.S. C. § 352(e) (2) (B).

■ (11) The drugs under seizure were misbranded within the meaning of 21 U.S.C. § 352(e) (1) (A) (ii), when introduced into and while in interstate commerce, because the plastic packets, containing 28 tablets each, did not have a label which bears the established name of the active ingredient, "ascorbic acid."

■ (12) Under 21 U.S.C. § 353(b) (2), drugs dispensed on prescription are exempt from certain labeling requirements of the Federal Food, Drug, and Cosmetic Act if specified conditions are met, but this exemption becomes effective only at the time such drugs are actually dispensed on prescription. Prior to the time of dispensing, this section does not exempt the drugs from any of the labeling requirements.

■ (13) If a drug is misbranded in any one respect, it is subject to condemnation under 21 U.S.C. § 334(a) (1).

(14) Each of the drugs under seizure was misbranded in several respects when introduced into and while in interstate commerce. Both drugs are subject to condemnation under 21 U.S.C. § 334(a)

(1) and plaintiff is entitled to a summary judgment ordering such condemnation.

(15) Plaintiff is entitled to costs pursuant to 21 U.S.C. § 334(e).